Case 6:21-cv-00007 Document 10 Filed on 03/24/21 in TXSD Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JARVIS LIVINGSTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-7 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jarvis Livingston is a non-custodial civilian who is appearing *pro se* and *in forma pauperis* in this civil rights action. This case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2).[1]

For purposes of screening and the reasons set forth below, the undersigned recommends Plaintiff's claims of false arrest and excessive force against Defendant Officers Mendoza, Lopez and John Doe be **RETAINED and STAYED** pending the resolution of the related criminal cases. It is further recommended that all of the remaining claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission,* 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205–206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian,* 179 F.3d 1014, (6th Cir. 1999) (complaints in actions not pursued *in forma pauperis* are *not* subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (same).

1915(e)(2)(B) because these remaining claims are either frivolous, fail to state a claim on which relief may be granted, or seek relief against a defendant who is immune.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

On January 28, 2021, Mr. Livingston filed his complaint *pro se* with an application to proceed *in forma pauperis* (IFP). (D.E. 1). The undersigned granted the IFP application on February 2, 2021. Because Mr. Livingston's original complaint is 72 pages in length, consists of a confusing narrative and cites inapplicable legal authorities and claims, the undersigned ordered Mr. Livingston to file a More Definite Statement. (D.E. 4). He was also cautioned that the Court would not consider any claim against any defendant not listed in the More Definite Statement. (D.E. 4). The Court received Mr. Livingston's More Definite Statement on February 19, 2021.

Mr. Livingston brings his claims against the following defendants:

(1) State of Texas;
(2) Officer Lopez, Yoakum City Police Department;
(3) Officer Mendoza, Yoakum City Police Department'
(4) Chief Karl Von Slooten, Yoakum City Police Department;
(5) John Doe, Yoakum City Police Department;
(6) The City of Yoakum;
(7) Yoakum Mayor Anita R. Rodriguez;
(8) Yoakum Mayor pro-tem Carol O'Neill;
(9) Sean Mooney, Yoakum City Council Member;

      (10) Glenn Klander, Yoakum City Council Member;
      (11) Billy Goodrich, Yoakum City Council Member;
      (12) John Doe Assistant District Attorney; and
      (13) Amanda Orack, Yoakum City Council Member.

On March 11, 2021, Mr. Livingston appeared before the undersigned at a *Spears*[2] hearing where he was given an opportunity to more fully describe his claims. The factual background set forth below is drawn from Plaintiff's Complaint, More Definite Statement, and his testimony at the *Spears* hearing.

## III. FACTUAL BACKGROUND

Mr. Livingston is a 29 year-old black male who is a lifelong resident of Yoakum, Texas. He is a high school graduate, with two years of college education, and is the self-employed owner of a trucking company. Other than minor traffic citations, Mr. Livingston has never been convicted of a criminal offense.

This case arises from an encounter Mr. Livingston had with Yoakum police officers on July 6, 2019, when officers were called to a residence in connection with a reported disturbance. Mr. Livingston was present at the location when the police officers arrived. Defendant Officer Mendoza, a female, made contact with Mr. Livingston who reported he was not involved in the altercation. At some point in the encounter, Mr. Livingston protested that he had done nothing wrong and pulled away from Officer Mendoza. Defendant Officer Lopez and Defendant Officer John Doe then assisted Officer Mendoza. The officers ordered Mr. Livingston to the ground. However, he

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

refused because he maintained that he had done nothing wrong. The officers then forcibly arrested Mr. Livingston. He was taken to the ground, placed in handcuffs, and secured in a police vehicle. Mr. Livingston has not alleged having sustained any serious injury. Mr. Livingston was taken to jail and charged with resisting arrest and public intoxication. He spent two days in jail before being released on bond.

Mr. Livingston retained a criminal defense attorney. Approximately a year later, in the summer of 2020, Mr. Livingston's criminal defense lawyer reported the resisting arrest charge had been dismissed. Based on this information, Mr. Livingston believed the resisting arrest charge had been dismissed and was completely resolved. However, in January 2021, Mr. Livingston learned the case had not been completely resolved when he received a traffic citation in Kenedy, Texas. The Kenedy officer informed Mr. Livingston he had an active warrant for his arrest from Lavaca County (Yoakum), Texas. Mr. Livingston was not arrested and was allowed to inquire about the warrant on his own recognizance. Mr. Livingston made inquiries in Lavaca County and determined that while the resisting arrest charge had been dismissed, he had been re-charged with interfering with a police officer in connection with the events of July 6, 2019.[3] The interfering with a police officer charge and public intoxication charge remain pending. On January 28, 2021, Mr. Livingston filed the instant case.

During the *Spears* hearing it was apparent that Mr. Livingston brings this action in response to his being re-charged with interfering with a police officer. This charge

---

[3] While not stated by Plaintiff, it appears he has been charged with violating Texas Penal Code §38.15, Interference with Public Duties.

relates back to the events of July 6, 2019. Mr. Livingston alleges he is the target of discrimination. In support of his claims, Mr. Livingston referenced an incident in July 2018 where he was cited for running a stop sign and failure to identify. The officer in that case was Defendant Lopez. That case remains pending. He also received a citation in 2017 for failing to yield. Mr. Livingston paid the traffic ticket in that case. Additionally, Mr. Livingston testified that the Yoakum Chief of Police, Defendant Karl Von Slooten once pulled him over for no apparent reason and told him he had overdue municipal fees in connection with business property owned by Mr. Livingston. On that occasion, Mr. Livingston was not arrested and was allowed to leave. Further, Mr. Livingston alleges Defendant Chief Von Slooten personally delivered a notice to appear for a court proceeding in the evening hours at 8:30 p.m. Mr. Livingston considers the nighttime delivery of the notice to be harassment.

Mr. Livingston brings this action against the officers who were involved in his arrest on July 6, 2019, the chief of police, the District Attorney, the mayor, city council members, the City of Yoakum, and the State of Texas.

Mr. Livingston seeks monetary damages in the amount of $30,000,000.00 and injunctive relief.

## IV. LEGAL STANDARD

When a party seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To

prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## V. DISCUSSION

### A. Defendant Officers Mendoza, Lopez, and John Doe

The undersigned begins this analysis with Mr. Livingston's claims surrounding his arrest on July 6, 2019, because those events encompass the substance of his non-frivolous claims.

Mr. Livingston alleges Defendant Officers Mendoza, Lopez and John Doe falsely arrested him without probable cause and used excessive force on July 6, 2019. To state a claim for warrantless false arrest and pretrial confinement the plaintiff must allege facts that the arresting officers lacked probable cause for detaining the arrested person pending further proceedings. *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009). Probable cause has been defined by the Supreme Court as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

To state a claim of excessive force in a seizure under the Fourth Amendment, the plaintiff must demonstrate (1) an injury (2) resulting directly and only from a use of force that was clearly excessive, and (3) that the excessiveness of the force was clearly unreasonable. *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).

Mr. Livingston alleges he was physically contacted by the defendants and forcibly taken to the ground without cause. He further alleges that he was arrested and taken to jail for two days before being released on bond. For purposes of this initial screening and frivolity review under 28 U.S.C. § 1915(e)(2), Mr. Livingston has alleged a sufficient factual basis to state claims against Defendant Officers Mendoza, Lopez and John Doe for false arrest and excessive force. The issue of whether or not the officers violated Mr. Livingston's rights, or alternatively whether the officers acted reasonably and with cause, may be decided at a later stage of these proceedings in the event service is ordered. The actions of the individual officers will be understood with more clarity if service is ordered and the parties conduct discovery. However, in determining whether Plaintiff's Fourth Amendment claims should be retained, it is necessary to consider whether they are barred by the holding set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### *(1) Heck v. Humphrey*

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his

conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

According to Mr. Livingston's testimony, he was formally charged with resisting arrest, public intoxication and interfering with a public servant. While the resisting arrest charge appears to have been dismissed, the public intoxication, and interfering with a public servant charges remain pending. Mr. Livingston's allegations of Fourth Amendment violations against Officers Mendoza, Lopez and John Doe may, if true, implicate the validity of these charges. *Hudson v. Hughes, 98 F.3d 868, 872-73 (5th Cir. 1996)* (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee, 195 F.3d 234, 236-37 (5th Cir. 1999)* (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer).

The Fifth Circuit Court of Appeals has held that, to the extent a plaintiff's allegations concern pending criminal charges, a dismissal under *Heck* is premature and, therefore, erroneous. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 F. App'x 613 (5th Cir. 2005). Instead, the district court should stay the §

1983 proceedings until the state criminal proceeding has run its course. *Mackey*, 47 F.3d at 746.

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace*, 549 U.S. at 393-94. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *Heck*, 512 U.S. at 487.

### *(2) Recommendation*

The undersigned recommends Mr. Livingston's claims of excessive force and false arrest against Officers Mendoza, Lopez and John Doe arising from the July 6, 2019 incident be retained. However, because the related criminal charges of public intoxication and interference with a public servant remain pending against Mr. Livingston, this case should be stayed in accordance with the authorities set forth above. Therefore, by separate order the undersigned will stay the instant civil case until the criminal proceedings are concluded. Once the relevant criminal cases against Mr. Livingston are resolved, the undersigned will either order service or enter a supplemental memorandum and recommendation.

### B. Chief of Police Karl Von Slooten

Mr. Livingston brings claims against Yoakum Chief of Police Karl Von Slooten primarily because he is a supervisor and is ultimately responsible for the actions of his subordinates. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Mr. Livingston has not alleged a sufficient factual basis to state a claim against Chief Von Slooten for supervisory responsibility. Additionally, while Chief Von Slooten did have some contact Mr. Livingston, that contact was minimal and does not rise to the level of a constitutional violation. Plaintiff's allegations against Chief Von Slooten are conclusory and speculative and, and therefore, fail to state a claim upon which relief could be granted.

### C. City Council Members and Mayors

Mr. Livingston attempts to raise claims against Yoakum Mayor Anita R. Rodriguez; Yoakum Mayor pro-tem Carol O'Neill; and Yoakum City Council Members Sean Mooney, Glenn Klander, Billy Goodrich, and Amanda Orack. There is no allegation that any of these individual defendants had any personal involvement with the relevant facts that give rise to Mr. Livingston's claims. Mr. Livingston sues these defendants because as public officials they have some supervisory authority or oversight of the Yoakum police department. Mr. Livingston alleges these defendants have allowed the police department to harass, falsely arrest, and falsely charge him. Plaintiff's claims against these defendants fail for the same reasons as his claims against Chief Von Slooten, that is, a lack of personal involvement in relevant facts. Mr. Livingston's claims against these defendants are conclusory, purely speculative, and should be dismissed.

### D. City of Yoakum

Plaintiff sues the City of Yoakum for allowing its officers to harass and "target Plaintiff for non-crimes." (D.E. 7, p. 6). A municipality may be liable under section 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Section 1983 does not allow a municipality to be held vicariously liable based on a theory of respondeat superior. *Id.* "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The Fifth Circuit has

consistently held that three elements must be proven to establish liability against a municipality under *Monell*: "(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 225 (5th Cir. 2020); *Piotrowski*, 237 F.3d at 578. Mr. Livingston fails to allege any facts to support a claim that there is a policy, custom, or practice connected to his claims that Yoakum police officers have violated his constitutional rights. Therefore, Mr. Livingston's claims against the City of Yoakum should be dismissed.

### E. State of Texas

Mr. Livingston sues the State of Texas for allowing the Yoakum police officers to target him for non-crimes and to harass him. The Eleventh Amendment bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against the state and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

In *Flaming v. University of Texas Medical Branch*, No. H-15222, 2016 WL 727941 (S.D. Tex. Feb. 24, 2016), the court recognized that the Eleventh Amendment bars suit against state entities regardless of whether money damages or injunctive relief is sought under Section 1983. *Id.* at *5 (citing *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988) and *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984)). The *Flaming* court noted that "the narrow exception to Eleventh Amendment immunity exists for suits brought against individuals in their

official capacity, as agents of the state or a state entity, where relief sought is injunctive in nature and prospective in effect." *Flaming*, 2016 WL 727941 at *5, n.47 (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

Mr. Livingston has not alleged a cognizable claim for prospective injunctive relief against any agent of the State of Texas. Therefore, all of Mr. Livingston's claims against the State of Texas should be dismissed.

### F.  District Attorney

Mr. Livingston names John Doe Assistant District Attorney for his role in prosecuting Mr. Livingston for the criminal charges arising out of the July 6, 2019 incident. Prosecutors enjoy immunity from civil actions for damages under § 1983. It is well settled that, although § 1983 has no express provision granting absolute immunity to certain state officials, Congress intended that the immunity available at common law for prosecutors should still apply to suits for damages against those officials under § 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutors are absolutely immune from suit for actions taken "in preparation for the initiation of judicial proceedings or for trial, and which occur in the course of a prosecutor's role as an advocate for the state. . ." *Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The facts alleged by Mr. Livingston against John Doe Assistant District Attorney indicate the district attorney was acting in the course of his employment performing prosecutorial functions in the initiation of judicial proceedings against Mr. Livingston. While not all actions of prosecutors are entitled to absolute immunity, Mr. Livingston has alleged no factual basis to indicate that John Doe

District Attorney did anything other than make charging decisions. Therefore, Defendant John Doe District Attorney is immune from prosecution and should be dismissed from this action.

### G. Plaintiff's Remaining Frivolous Claims.

Throughout his original complaint and also his more definite statement, Mr. Livingston raises claims that are frivolous on their face. For example, he alleges the Lavaca court is an unconstitutional military court, that he was kidnapped, and that the defendants have brought an unspecified fraud upon the court. (D.E. 7). He has also alleged that various defendants are impersonating public officials, are foreign agents, and are working for a corporation for profit. (D.E. 7). These claims have no arguable basis in law or fact and should be dismissed as frivolous. *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

Finally, Mr. Livingston's, 72-page original complaint consists of inapplicable legal authorities, quotations from the Bible and other sources, and confusing arguments, none of which are supported by any coherent recitation of facts. The undersigned's order for a more definite statement provides Mr. Livingston with the flowing instruction: ***"Plaintiff is cautioned that the Court will not consider any claim against any defendant who is not listed in 'Plaintiff's More Definite Statement.'"*** (D.E. 4, p. 4) (emphasis original). Therefore, the Court should not address any claim not raised in Mr. Livingston's more definite statement.

## VI.  CONCLUSION

The undersigned recommends Plaintiff's claims of false arrest and excessive force against Defendant Officers Mendoza, Lopez and John Doe be **RETAINED and STAYED** pending the resolution of the related criminal cases and that all of his remaining claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) because these remaining claims are either frivolous, fail to state a claim on which relief may be granted, or seek relief against a defendant who is immune.

Respectfully submitted this 24th day of March 2021.

Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).